UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL JORGENSEN,

   Plaintiff,

v.             Case No. 08-C-67

SHERIFF DENNIS KOCKEN, et al.,

   Defendants.

**ORDER**

  Plaintiff Jorgensen has filed an action under 42 U.S.C. § 1983. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

  Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not pay the $350 filing fee.

  Section 1915 also requires courts to "screen" complaints to ensure that indigent plaintiffs do not abuse the ability to bring cases without paying a filing fee. Jorgensen, a Chapter 980 inmate at the Wisconsin Resource Center, alleges that on several occasions he was held at the Brown

County Jail during periods when he was scheduled to appear in circuit court. He alleges he should instead have been housed at the Brown County Mental Health Center because he is a Chapter 980 patient rather than a "common criminal." He further asserts that the jail does not meet the requirements of Wisconsin statutes requiring patients to be housed in suitable wards.

Plaintiff's lawsuit voices a common complaint, but the Seventh Circuit has held that Chapter 980 patients "may be subjected to conditions that advance goals such as preventing escape and assuring the safety of others." *Allison v. Snyder,* 332 F.3d 1076, 1079 (7th Cir. 2003). These conditions include incarceration that is essentially identical to the conditions found in a common jail or prison. "The due process clause does not prohibit state officials from detaining civil committees or pretrial detainees temporarily with persons who have been convicted of crimes and treating them according to the rules applicable to inmates." *Thiel v. Wisconsin,* 399 F.Supp.2d 929, 934 (W.D. Wis. 2005). And, as the court noted in *Allison,* state statutes generally cannot be enforced via federal lawsuits:

> The [plaintiffs'] argument, in other words, is that the Constitution requires Illinois to fulfill promises that the plaintiffs locate in a state statute. Yet the Constitution does not compel states to follow their own laws. Nor does it permit a federal court to enforce state laws directly. . . .
>
> Does placement in a prison, subject to the institution's usual rules of conduct, signify punishment? The answer, given by *Bell v. Wolfish,* 441 U.S. 520(1979), is no.

332 F.3d at 1078-79.

Because placement in a jail does not violate the Constitution, the plaintiff's complaint will be dismissed. Plaintiff has also filed a motion to amend the complaint. In it, he reiterates his general complaint and makes particular allegations against an assistant district attorney in his ongoing state proceedings. The proposed amendment cites no violation of the Constitution and adds

2

nothing of substance to the matters set forth above. Accordingly, the motion to amend will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED** (i.e., the filing fee is waived).

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** and the motion to amend is **DENIED**.

Dated this   31st   day of January, 2008.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge